UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION
Removed on 11/30/06

WAYNE JACKSON,            )
and MARY JACKSON,         )
                          )
        Plaintiffs,       )
                          )
vs.                       )    Case No. 06-0969-CV-W-SWH
                          )
BOEHRINGER INGELHEIM      )
PHARMACEUTICALS, INC.; et al., )
        Defendants.       )

## MOTION FOR REMAND

PLEASE TAKE NOTICE that Plaintiffs Wayne Jackson and Mary Jackson (collectively, "Plaintiffs") hereby move to remand the above-captained action from the United States District Court for the Western District of Missouri back to the Circuit Court of the State of Missouri, in and for the County of Jackson. Remand is warranted under 28 U.S.C. § 1447 because this is not an action over which this Court has original jurisdiction under 28 U.S.C. § 1441. Also, Remand is warranted under 28 U.S.C. § 1447 since defendants did not follow proper procedure in Removal. In support of this Motion of Remand, Remanding Plaintiffs state the following:

1. Plaintiffs commenced the instant action entitled Jackson v. Boehringer Ingelheim Pharmaceuticals, Inc., et al. ("instant action") by filing a Petition for Damages with the Circuit Court of Jackson County, Missouri at Kansas City on October 6, 2006.

2. That the instant Motion for Remand is based upon both improper procedure pursuant to 28 U.S.C. § 1447 and lack of subject matter jurisdiction.

3. The instant Motion is brought within thirty (30) days of removal to this court.

4. Statutes providing for remand are to be strictly construed in favor of the state court's jurisdiction.

5. The instant action is against two general categories of defendants. First, the drug manufacturers of the pharmaceutical Mirapex, which is used to treat Parkinson's Disease. Wayne Jackson ingested Mirapex in hopes of alleviating his symptoms associated with Parkison's Disease. However, the side effects caused by the drug Mirapex include compulsive gambling. Second, the casinos that Wayne Jackson frequented as patron while under the effects of Mirapex. The Missouri Gaming Company d/b/a Argosy Casino, IOC-Kansas City, Inc. d/b/a The Isle of Capri Casino, Ameristar Casino Kansas City, and Inc., Harrah's North Kansas City LLC, ("the defendant casinos") who plaintiff claims knew or should have known that its base of patrons included persons who took the drug Mirapex. The defendant casinos knew of should have known that Wayne Jackson took the drug Mirapex and suffered from the side effect of compulsive gambling as a result of ingestion of Mirapex.

6. In addition, <u>and in combination</u> with the knowledge of a class of patrons taking Mirapex, the defendant casinos had/have "near miss" programs installed on their slot machines and other like gambling machines that lure players into false sense of security and control over the outcome of the game. This in turn lures players to keep playing thereby increasing the compulsion to keep playing, a situation that is anything but "open and obvious."

7. Therefore, as a result of being under the influence of the drug Mirapex and the defendant casinos having "near miss" programming installed on its machines, Wayne Jackson gambled away hundreds of thousands of dollars at the defendant casinos.

8. All of the properly joined and served defendants have not joined in the consent of this removal. Specifically, the defendant casinos have not joined in the consent of this removal. Only Pfizer Inc., Pharmacia Corporation, Pharmacia & Upjohn LLC, and Boehringer Ingelheim Pharmaceuticals, Inc., ("defendant pharmaceuticals") have joined in the consent of this removal.

9. Defendant pharmaceuticals are correct that parties who are fraudulently joined need not join in the removal citing to Reeb v. Wal-Mart Store, Inc., 902 F.Supp. 185, 187 (E.D. Mo. 1995), but the defendant casinos of the instant action do not qualify as fraudulently joined parties.

10. Since not all of the properly joined defendants have joined in the consent of removal the rule of unanimity has been violated. Under the rule of unanimity, all defendants must join in a notice of removal or the case will be remanded. Interstate Bakeries Corporation v. McKee Baking Company, 248 F.Supp. 946, 947 (W.D. Mo. 1965). In order to avoid remand, defendant

3

pharmaceuticals must allege and prove with certainty that defendant casinos were joined fraudulently. See Id. at 948. Defendant pharmaceuticals have not done so and have failed to follow proper procedure for removal.

I. REMAND IS PROPER BECAUSE THE COURT DOES NOT REMOVAL JURISDICTION PURSUANT TO 28 U.S.C. § 1441.

11. The instant action is nonremovable pursuant to 28 U.S.C. § 1441 (b), which states:

> Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. 28 U.S.C. § 1441.

A. The Defendant Casinos Are Citizens Of The Missouri

12. It is apparent that defendant casinos are all citizens of the State of Missouri. The Missouri Gaming Company is incorporated in the State of Missouri; IOC-Kansas City, Inc. is incorporated in the State of Missouri; Ameristar Casino Kansas City, Inc. is incorporated in the State of Missouri; and Harrah's North Kansas City LLC is incorporated in the State of Missouri. Therefore, the instant action is nonremovable pursuant to 28 U.S.C § 1441 since four of the 8 properly joined defendants are residents of the state in which the instant action was brought.

4

B.  The Defendant Casinos Citizenship Should Not Be Ignored

Despite the applicability of the general rules governing diversity of citizenship jurisdiction to cases removed to federal court, removal jurisdiction over diversity actions is more limited than jurisdiction over diversity of citizenship cases originally brought in federal court. Hurt v. Dow Chem. Co. 963 F.2nd 1142 (8th Cir. 1992).

13. The defendant casinos citizenship should not be ignored since these are properly joined defendants in the instant action. Defendant pharmaceuticals claim that plaintiffs' claims against defendant casinos lack any reasonable basis. The cases that defendant pharmaceuticals cite in their Support of Notice of Removal are inapposite and deal with cases where there are no viable claims against the resident defendants. See Menz v. New Holland North Am., Inc., 440 F.3d 1002 (8th Cir. 2006); Wiles v. Capitol Indemnity Corporation, 280 F.3d 868 (8th Cir. 2002). In the instant action, plaintiffs assert and successfully alleges viable causes of actions against defendant casinos for damages sustained to Wayne Jackson while under the effects of Mirapex.

C.  The Defendant Casinos Have Not Fulfilled Their Heavy Burden Of Establishing Fraudulent Joinder

14. Clear and convincing evidence must be adduced compelling conclusion that joinder is without right and made in bad faith. Gillette v. Koss Construction, 149 F.Supp. 353, 354 (W.D. Mo. 1957).[1] In addition, the heavy burden of proving fraudulent joinder rests on defendant

---

[1]The Court determined that co-defendants, who were the only resident defendants, were not fraudulently joined since plaintiff pleaded facts to support their claim for failure to warn. By pleading

5

invoking court's removal jurisdiction, and all doubts should be resolved in favor of remand. Commercial Savings Bank v. Commercial Federal Bank, 939 F.Supp. 674, 680 (N.D. IA 1996). Furthermore, there has to be absolutely no way that a plaintiff will be able to establish a cause of action against the in-state defendant in state court, or there has to be outright fraud in plaintiff's pleadings of jurisdictional facts. Green v. Amerada Hess Corporation, 707 F.2d 201, 205 (5th Cir. 1983). Defendant pharmaceuticals have not carried this heavy burden and have failed to establish any sort of evidence demonstrating fraudulent joinder. Plaintiffs' Petition for Damages clearly establishes a perhaps unique but none the less viable cause of action against defendant casinos.

15. Where plaintiff maintains action in state court against resident and nonresident defendants, that it is debatable whether recovery is possible against resident under state law, that plaintiff may be in error in respect to both facts and law, or that there is no exact precedent for liability of resident will not establish that joinder was fraudulently made to prevent removal. Id. at 355.

16. If there is a reasonable basis for asserting that state law might impose liability on resident defendant under facts alleged, then joinder is not fraudulent and will prevent removal. Commercial Savings Bank, 939 F.Supp. 674, 680 (N.D. Ia. 1996). The allegations against the defendant casinos are founded upon negligence, including a negligent failure to warn.

---

these facts, the Court found that plaintiff proffered a reasonable basis for recovery.

17. That plaintiffs have deliberately joined resident and nonresident as defendants to preclude removal to federal court does not make joinder fraudulent and permit removal where there is a reasonable basis in law for the joinder, and plaintiffs' mere intent is immaterial if he is acting within his legal rights as he thinks them to be, irrespective of ultimate result. Id. at 355. Furthermore, the court must restrict itself to the allegations made by plaintiff, to whether he had real intention to obtain judgment and to whether there was colorable grounds for its shown. Id. at 355. Further, it is not for the court to determine the merits of the case. Id. at 355.

18. Plaintiffs' claims against the casino defendants do arise from the same transaction or occurrence as claims against the removing defendants, the casino defendants are not fraudulently misjoined and their citizenship should not be ignored.

## Conclusion

For the reasons set forth herein, plaintiffs respectfully request that the instant matter be remanded to the Circuit Court of Jackson County, Missouri.

EDELMAN & THOMPSON, L.L.C.

By: /s/ James T. Thompson
_____
James T. Thompson      Mo. #37245
Brendan C. Buckley     Mo. #50255
Joshua D. Menez        Mo.# 57560
3101 Broadway - Suite 800
Kansas City, Missouri 64111
(816) 561-3400
Fax:  (816) 561-1664
Email: JamesThompson@etkclaw.com

ATTORNEYS FOR PLAINTIFFS

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a copy of the above and foregoing was sent via electronic mail and U.S. Mail, postage prepaid, this the 28th day of December, 2006, to:

Scott W. Sayler (36088)
Angela M. Seaton (50410)
SHOOK, HARDY & BACON
2555 Grand Boulevard
Kansas City, MO 64108
(816) 474-6550
Fax: (816) 421-5547

of counsel:    Michael K. Brown
               Barry J. Thompson
               Mildren Segura
               REED SMITH LLP
               355 South Grand Avenue - Suite 2900
               Los Angeles, CA 90071

8

ATTORNEYS FOR DEFENDANTS
PFIZER, INC., PHARMACIA CORPORATION,
and PHARMACIA & UPJOHN COMPANY LLC

Thomas N. Sterchi (21508)
Kara Trouslot Stubbs (43414)
BAKER STERCHI COWDEN & RICE
2400 Pershing Road - Suite 500
Kansas City, MO 64108
(816) 471-2121
Fax: (816) 472-0288

of Counsel:   Beth S. Rose
              Stuart M. Feinblatt
              Jennifer Ewers Hurley
              SILLS CUMMIS EPSTEIN & GROSS PC
              The Legal Center
              One Riverfront Plaza
              Newark, NJ 07102
              (973) 643-7000

ATTORNEYS FOR DEFENDANT
BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.

Robert W. Tormohlen
Scott Wissel
LEWIS RICE & FINGERSH L.C.
One Petticoat Lane - Suite 500
1010 Walnut
Kansas City, MO 64106

ATTORNEYS FOR DEFENDANT
AMERISTAR CASINO KANSAS CITY, INC.

9

Richard D. Rhyne
Matt R. Hubbard
LATHROP & GAGE LC
2345 Grand Boulevard - Suite 2800
Kansas City, MO 64108

ATTORNEYS FOR DEFENDANT
HARRAH'S NORTH KANSAS CITY LLC

Karin Ashford
Director, Legal Business Affairs
Missouri Gaming Company, Inc.
c/o Penn National Gaming, Inc.
825 Berkshire Boulevard
Wyomissing, PA 19610

ATTORNEYS FOR DEFENDANT
MISSOURI GAMING COMPANY, INC.
d/b/a ARGOSY CASINO

J. Bradley Leitch
SONNENSCHEIN NATH & ROSENTHAL LLP
4520 Main Street - Suite 1100
Kansas City, MO 64111
816-461-2400
Fax: 531-7545
bleitch@sonnenschein.com

ATTORNEYS FOR DEFENDANT
IOC-KANSAS CITY, INC., d/b/a
THE ISLE OF CAPRI CASINO

/s/ James T. Thompson
_____
Attorney for Plaintiff