IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WAYNE JACKSON and MARY JACKSON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 06-0969-CV-W-DW ) |
| BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., et al. | ) ) ) |
| Defendants. | ) |

**ORDER**

This case involves two general categories of Defendants, the Pharmaceutical Defendants and the Casino Defendants. On November 30, 2006, the Pharmaceutical Defendants removed this case from the Circuit Court of the State of Missouri, Jackson County to the Western District of Missouri. Plaintiffs filed their Motion for Remand on December 28, 2006. (Doc. 28). Plaintiffs state that removal was improper since (1) the Casino Defendants are Missouri citizens and the action was originally brought in Missouri and (2) all the Defendants did not join in the notice of removal. See 28 U.S.C. § 1441(b) and 1446(a).

Pharmaceutical Defendants argue that removal was proper, regardless of whether the Casino Defendants joined in the notice or are Missouri citizens, since the Casino Defendants are fraudulent joined and, as such, their presence does not impact removal. Reeb v. Wal-Mart Stores, 902 F. Supp. 185, 187 (E.D. Mo. 1995) (internal citations omitted). "Joinder is fraudulent when there exists no reasonable basis in fact and law supporting a claim against the resident defendants." Menz v. New Holland N. Am., Inc., 440 F.3d 1002, 1004 (8th Cir. 2006) (citations omitted). If there is a colorable claim, if state law might impose liability, joinder is not fraudulent. Filla v. Norfolk Southern Railway Co., 336 F.3d 806, 810 (8th Cir. 2003).

Plaintiffs allege two claims against the Casino Defendants—failure to warn and loss of consortium. Plaintiffs allege that Casino Defendants failed to warn Plaintiff Wayne Jackson of the dangers of gambling while on MIRAPEX and failed to warn customers of the "near miss"

programming installed on its slot machines.

Plaintiffs fail to cite, nor was this Court able to find, a single Missouri authority[1] imposing upon casinos either a duty to warn as to the presence of "near miss" programming or to warn regarding the dangers of gambling while on MIRAPEX or any other substance that encourages compulsive gambling. Despite the absence of any authority, Plaintiffs argue that Missouri courts may recognize the duty of Casinos to warn in these situations.

Other jurisdiction that have considered similar issues, however, have refused to impose upon casinos a legal duty to warn or prevent known gamblers, including compulsive gamblers, from gambling. Logan v. Ameristar Casino Council Bluffs, Inc., 185 F. Supp. 2d 1021, 1025 (D. Iowa 2002)(refusing to find, under Iowa law, that the Casino owed a duty to stop a patron it knew was a compulsive gambler and alcoholic from gambling); Hakimoglu v. Trump Taj Mahal Assocs., 70 F.3d 291, 292 (3d Cir. 1995) (finding that Plaintiff did not have a claim that the Casino was negligent in providing him with free alcohol and allowing him to gamble intoxicated); Rahmani v. Resorts Int'l Hotel, 20 F. Supp. 2d 932, 937 (D. Va. 1998) (finding that casinos do not have a duty to stop clients from gambling under New Jersey law); Merrill v. Trump Ind., Inc., 320 F.3d 729, 732 (7th Cir. 2003) (casino did not have a duty to evict a gambler who requested his own exclusion). Since Courts have refused to require casinos to prevent known compulsive gamblers from gambling, it appears unreasonable that the Courts would require casinos to prevent potential compulsive gamblers.

Missouri has developed a carefully crafted set of legislation regulating the gambling industry. See 11 CSR 45. In so doing, Missouri thoroughly considered the contours of Missouri casino regulations, including the claims raised by Plaintiffs. The Missouri Gaming Commission already provides casino patrons with a procedure for questioning the operation of electronic

---

[1] Missouri law applies to this case. In tort cases, Missouri applies the law of the state which "has the most significant relationship to the occurrence and the parties..." Thompson v. Crawford, 833 S.W.2d 868, 870 (Mo. 1992) (listing the contacts to be considered in determining the applicable law). Plaintiffs' alleged injury, the gambling, and the conduct causing the injury, the failure to warn, both occurred in Defendants' Missouri casinos. Casino Defendants are Missouri residents. Their relationship with the Plaintiffs is centered in their Missouri casinos. Accordingly, Missouri law applies.

The Court would reach the same conclusion, however, even if Kansas law applied.

2

Case 4:06-cv-00969-DW   Document 57   Filed 03/16/07   Page 2 of 3

gaming devices, including questions as to near miss programming. See 11 CSR 45-5.235. As to the casino's duty to prevent certain persons from gambling, casinos have a duty of prevent person listed on the Missouri Gaming Commission's exclusion list from entering the casino. 11 CSR 45-15.010. Conspicuously absent from these regulations, however, is the inclusion of any of the duties or Court regulation suggested by Plaintiffs.

In the absence of any legal support, the Court finds it unreasonable that Missouri would impose these duties upon casinos. Menz v. New Holland N. Am., Inc., 440 F.3d 1002, 1005 (8th Cir. 2006) (finding it "unreasonable to believe that Missouri would impose" a duty to warn where no other jurisdiction had so expanded the duty). Nor does it appear reasonable that Missouri would recognize Plaintiff Mary Jackson's loss of consortium claim against the Casino Defendants. Kamerick v. Dorman, 907 S.W.2d 264, 267 (Mo. Ct. App. 1995) ("A consortium claim is derivative from the injured spouse's claim and depends on the validity of the underlying claim.").

For the reasons stated above, the Casino Defendants joinder is fraudulent and Plaintiffs' Motion to Remand is DENIED. As such, the Casino Defendants, Missouri Gaming, Inc, d/b/a Argosy Casino, IOC-Kansas City, Inc. d/b/a The Isle of Capri Casino, Ameristar Casino Kansas City, Inc., and Harrah's North Kansas City LLC, are entitled to dismissal. This Court dismisses the action against the above-named Defendants.


Date: March 16, 2007                 /s/ DEAN WHIPPLE
                                                     Dean Whipple
                                           United States District Court